UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **Kimberly Kay Caldwell-Thompson**<br>    **PLAINTIFF,**<br><br>v.<br><br>**Law Office of Brian T. Gallagher, ESQ**<br><br>**NDF1, LLC**<br><br>**Land Home Financial Services, Inc,.**<br><br>    **DEFENDANTs.** | ) <br> ) **CASE #: 3:25-CV-716** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, by counsel, and for her Complaint against the Defendants Law Office of Brian T. Gallagher, ESQ and NDF1, LLC, respectfully says as follows:

## PRELIMINARY STATEMENT

This is an action for actual and statutory damages brought by Plaintiff Kimberly Kay Caldwell-Thompson, an individual consumer, against Defendants, Law Office of Brian T. Gallagher, ESQ, Land Home Financial Services, Inc and NDF1, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION, VENUE, and JURY DEMAND

1

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

1. This court has jurisdiction over the FDCPA claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is properly laid in this jurisdiction pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1391(b) and (c).

4. The actions complained of occurred primarily (if not exclusively) in the Eastern District of Virginia, the Defendants transact business here, and should expect to be hailed into this court.

5. **TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE**. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII.

## PARTIES

6. Plaintiff, Kimberly Kay Caldwell-Thompson ("Plaintiff") is a natural person and resides in Henrico, Virginia.

7. Plaintiff falls within the definition of a consumer pursuant to 15 U.S.C. § 1692a(3).

8. Defendant, Law Office of Brian T. Gallagher, ESQ ("Gallagher"), is a Maryland law firm, engaged in the business of regularly collecting debts in this Commonwealth, with its principal place of business located at 1906 Towne Centre Blvd, Suite 275, Annapolis, MD 21401.

9. Gallagher is NOT registered with the Secretary of the Commonwealth, and may be served at the following: Brian T. Gallagher, 624 Tayman Drive, Annapolis, MD 21403

10. The principal business of Gallagher is the collection of debts.

11. Gallagher regularly attempts to collect consumer debts alleged due to another.

12. Gallagher is engaged in the collection of debts from consumers using the mails and telephone.

2

13. Gallagher is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

14. Defendant, NDF1, LLC ("NDF1") is a Florida LLC, registered with the Virginia State Corporation Commission, with a principal place of business at 2 N. Tamiami Trl, Suite 710, Sarasota, FL 34236, and may be served at its Registered Agent, VCorp Agent Services, Inc, 4701 Cox Rd, Suite 285, Glen Allen, VA 23060.

15. NDF1 regularly attempts to collect consumer debts alleged due another.

16. NDF1 is engaged in the collection of debts, indirectly, from consumers using mails and telephone.

17. NDF1 is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

18. Defendant, Land Home Financial Services, Inc ("Land Home") is a California Corporation, registered with the Virginia State Corporation Commission, with a principal place of business at1355 Willow Way, Suite 250, Concord, CA 94520, and may be served at its Registered Agent, Corporation Service Company, 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

19. Land Home regularly attempts to collect consumer debts alleged due another.

20. Land Home is engaged in the collection of debts, indirectly, from consumers using mails and telephone.

21. Land Home is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTS

22. Plaintiff's incurred an alleged debt with CitiFinanical for personal use, bringing the debt within the Fair Debt Collection Practices Act.

23. The loan was taken out in 2003 and was collateralized with a Deed of Trust.

3

24. Plaintiff subsequently filed a Chapter 7 Bankruptcy on or about April 5, 2005, case number 05-33189-DOT, and did NOT reaffirm the personal obligation of the debt.

25. CitiFinancial assigned the note.

26. The loan went into default in 2005, when the plaintiff filed for Bankruptcy.

27. In 2010, CitiFinancial notified the plaintiff's Bankruptcy counsel that the loan was more than 90 days past due and that the loan was being reviewed for foreclosure.

28. No payments have been made on the subject loan since at least 2015, possibly as early as 2012.

29. NDF1 alleges that they are the current owner of the note.

30. The loan is allegedly serviced by Land Home Financial Services, Inc.

31. Land Home sent a letter to plaintiff on or about November 27, 2024, claiming that the debt was now owed to them, and providing the notices required by 15 USC 1692g. The letter also stated

> Please be advised that if you are or have previously been involved in a bankruptcy proceeding, this letter is being provided for the sole purpose of satisfying the notice requirements contained in Sections 1692e(11) and 1692g(a) of the federal Fair Debt Collection Practices Act and IS NOT, AND SHOULD NOT BE CONSTRUED AS, AN ATTEMPT TO COLLECT A DEBT that has been discharged or is subject to the automatic stay provision under the Bankruptcy Code.

Which is a clear attempt to disclaim knowledge of Bankruptcy, while also alleging that a payment was due, a confusing and misleading statement. The letter demanded $11,666.96 for payment in full.

32. On or about July 8, 2024, Land Home sent a letter to Plaintiff with a statement of the amount due, including $60 for late charges, and $90 for release/reconveyance fee for a total of $11,816.96. Neither fee is permitted by law or the deed of trust.

4

33. Gallagher sent a letter to plaintiff which was not dated, but received by plaintiff July 23, 2025. The letter makes demand for payment for $11,816.96, which includes the fees that Land Home applied illegally. The letter does not explain any of the dispute rights on the front of the letter, or reference the second page, which contains the validation language required by 15 USC 1692g.

34. Plaintiff wrote to Gallagher on August 1, 2025, that the debt was disputed, and that all correspondence should be sent to plaintiff's counsel.

35. On August 7, Gallagher sent a letter to plaintiff, acknowledging the letter, and explaining that a response would be sent to plaintiff.

36. On August 18, Gallagher sent some of the documents requested, but not all, to counsel for plaintiff. Gallagher has yet to provide any documentation on how the debt is still owed or how the time to enforce the lien has not expired.

37. On or about August 28, Gallagher filed a deed of appointment of substitute trustee, clearly attempting to initiate a foreclosure on the subject property.

38. Plaintiff suffered mental and emotional distress damages as a result of the actions of the defendants.

## COUNT ONE:
## Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p

39. Plaintiff restates and re-alleges all previous paragraphs herein.

40. Defendant has violated the FDCPA 15 U.S.C. § 1692 in the following manner:

    a. Defendant has violated the FDCPA 15 U.S.C. § 1692[e] in that it has used false and deceptive means to collect a consumer debt.

5

    b. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][2] in that it has misrepresented the legal status of a consumer debt in an effort to collect the debt.

    c. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][4] in that it has misrepresented that a seizure of assets could take place in an effort to collect the debt.

    d. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][5] in that it has taken or threatened to take action that cannot be taken, in an effort to collect a consumer debt.

    e. Defendant has violated the FDCPA 15 U.S.C. § 1692[e][10] in that it has made false representations in an effort to collect a consumer debt.

    f. Defendant has violated the FDCPA 15 U.S.C. § 1692f, in that it used unfair or unconscionable means to collect the alleged debt by suing on time barred debt in hopes that Plaintiff would pay and suing without legal authority to do so.

    g. Defendant has violated the FDCPA 15 U.S.C. § 1692g in that they have made statements that overshadowed and falsely represented the dispute rights of the plaintiff in an attempt to collect a consumer debt.

41. Plaintiff is entitled to statutory damages, actual damages, attorney fees, and costs, pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE**, the Plaintiff by Counsel, respectfully requests this court to enter judgment on her behalf for violations of the Fair Debt Collection Practices Act for statutory damages, actual damages, attorney fees, and costs.

6

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)

**KIMBERLY KAY CALDWELL-THOMPSON**

/s/ Jason M. Krumbein, Esq.
by: Jason M. Krumbein, Esq. VSBN 43538
JKrumbein@KrumbeinLaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
10307 W/ Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 phone
804.823.2565 fax

7

Jason M. Krumbein, Esq. VSB#43538
Krumbein Consumer Legal Services
10307 W. Broad St. Suite 293
Glen Allen, VA 23060
804.592.0792 (voice) / 804.823.2565 (fax) / JKrumbein@KrumbeinLaw.com (email)